CELINE M. SELDNER and Another, as Executrices, etc., of RUDOLPH SELDNER, Deceased, Respondents, v. GEORGE F. KOONS and Others, Defendants. AUSTIN SHERWOOD, Receiver-Appellant.— Order on accounting of receiver of rents in mortgage foreclosure action, disallowing certain items as made without authority and as unnecessary, modified by deducting from the amount surcharged the sum of $93.20 paid to S. Terrano, contractor, for constructing a driveway, and $11 for a clothes pole, included in said sum of $93.20, which aggregate sum of $93.20 is allowed in the receiver's account, and also by deducting from such surcharge

$11.12 for receiver's expenses, telephone calls, postage, carfares, etc., which items are also allowed in the receiver's account. The amount to be paid the executrices will be reduced accordingly. As so modified the order is affirmed, without costs. In our opinion, the amounts above allowed were necessary expenditures within the meaning of rule 175 of the Rules of Civil Practice. Receivers must be careful to comply with the provisions of said rule 175 and to make no expenditures except in accordance therewith or as specifically authorized by the court. Lazansky, P. J., Young and Tompkins, JJ., concur; Hagarty, J., concurs in allowance of the items mentioned and votes to allow all other items of the account. Davis, J., concurs in the deduction of the items, $11 for clothes pole and $11.12, receiver's expenses, and disagrees in deduction of the balance of the item $93.20, with the following memorandum: The receiver, appointed in a foreclosure action, was in the possession of this small apartment building for about four months and collected in rents $396.60. He expended practically this entire sum and made allowance on rents for improvements on the property, some of them of a permanent nature, with no authority from the court or otherwise. The way to curb such illegal expenditures on the part of receivers is not to give pious admonitions after their allowance, but to uphold the Special Term that strikes out such expenditures and surcharges the receiver's account to that extent. Appeal from order denying reargument dismissed, without costs, on the ground that the order is not appealable. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.